**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kaleef Reed, | ) | CASE NO. 06 CR 290 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | Memorandum of Opinion and Order |
| | ) | |
| Respondent. | ) | |

### INTRODUCTION

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 596). For the reasons that follow, the motion is DENIED.

### FACTS

Petitioner, Kaleef Reed, was indicted for conspiracy to distribute and possess with intent to distribute over 50 grams of crack cocaine ("count one"). In addition, petitioner was charged with two counts of distribution of crack. Thereafter, petitioner entered a guilty plea to count one of the indictment. On April 4, 2007, petitioner was sentenced to 120 months imprisonment and eight years of supervised release. The remaining counts were dismissed.

1

Petitioner did not file a direct appeal. Petitioner moves in general fashion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner does not specify the precise relief he seeks. According to petitioner, he was denied effective assistance of counsel during the plea negotiations and was not advised that the plea agreement included a waiver of his appellate rights. Although unclear, it appears that petitioner also argues that the government intentionally charged him with crack cocaine when, in fact, the evidence demonstrated that the conspiracy involved powder cocaine.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

**ANALYSIS**

1. Ineffective assistance of counsel

A petitioner challenging the effectiveness of trial counsel must first show that counsel was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and further that counsel's deficient performance so prejudiced the defense as to

2

render the trial unfair and the result unreliable.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Sixth Circuit has held that counsel's performance is not deficient when plea agreement advice is "based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence." *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996).  As a general rule, the Court must avoid the use of hindsight and presumes that "the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him."  *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

Petitioner argues that he is entitled to relief because his attorney "never explored the evidence," which, according to petitioner, was weak.  In addition, he argues that he should have been allowed to plead to the distribution counts instead of the conspiracy count.  Had this occurred, petitioner would have not have been subject to a mandatory minimum sentence.  Petitioner claims that other co-defendants were able to plead to the distribution counts.  He further argues that he informed his attorney that he did not wish to plead guilty to the conspiracy count.

Upon review, the Court finds that petitioner is not entitled to relief.  Petitioner offers no evidence indicating that the government would have permitted petitioner to plead to the distribution counts.  Moreover, the plea colloquy demonstrates that petitioner knew that his guilty plea would result in imposition of a mandatory minimum sentence.  The fact that petitioner now believes he somehow could have achieved a "better deal" does not rise to the

level of ineffective assistance of counsel.  Accordingly, petitioner's claim is rejected.

    2.        Waiver of appellate rights

Petitioner argues that he did not understand that by entering into the plea agreement he would be waiving his appellate rights.  This argument is rejected out of hand.  The plea agreement addresses the waiver of appellate rights in basic terms.  Moreover, this Court reviewed this provision on the record, and petitioner acknowledged that he understood it.  As such, petitioner is not entitled to relief.

    3.        Government's conduct

Although unclear, it appears that petitioner is claiming that the government knew that petitioner's conduct involved powder cocaine, yet the government charged petitioner with conspiracy and distribution of *crack* cocaine.  Petitioner also appears to claim that his attorney "threatened him with evidence."  Once again, petitioner's claim lacks merit.  Petitioner admitted in the plea colloquy that he engaged in the behavior charged in count one, *i.e.*, conspiracy to distribute crack cocaine.  Petitioner cannot now argue that the substance was actually powder cocaine.

**CERTIFICATE OF APPEALABILITY**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

4

>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

>   In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that
>
>   [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

### **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/19/08